**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4499**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JASON DWAYNE LEMMON,

             Defendant - Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Lynchburg.   Norman K. Moon, Senior
District Judge.  (6:04-cr-70060-NKM-1)

Submitted: November 19, 2013        Decided: November 21, 2013

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Larry W.  Shelton, Federal Public Defender, Fay F.  Spence,
Assistant Federal Public Defender, Roanoke, Virginia, for
Appellant.  Timothy J. Heaphy, United States Attorney, Donald R.
Wolthuis, Assistant United States Attorney, Michael J. Freeman,
Special Assistant United States Attorney, Roanoke, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Dwayne Lemmon appeals the nine-month sentence imposed for violating his supervised release. Lemmon raises one issue on appeal: whether the district court imposed a plainly unreasonable sentence based on bias against him and improper consideration of the sentencing factors set forth in 18 U.S.C. § 3583(e) (2012). For the reasons that follow, we affirm.

Following argument, the district court found that Lemmon had commmitted Grade C violations of release, and that, with his criminal history category of I, his advisory policy statement range was 3-9 months. See U.S. Sentencing Guidelines Manual ("USSG") § 7B1.4(a), p.s. (2012). The court expressly applied relevant 18 U.S.C. § 3553(a) (2012) factors applicable to revocation sentences under § 3583(e) in determining the sentence, noted Lemmon's breach of trust while on supervision, and remarked on his untruthfulness with his probation officer, the officers involved in his vehicle stop (which led to his Maryland state conviction for assuming another identity to avoid prosecution for a crime), and the court. The court's observation that Lemmon was a liar, and thus his testimony was incredible does not demonstrate judicial bias or grounds for recusal because the judge's finding was based on facts introduced or events occurring in the course of the revocation

2

proceeding. See United States v. Lentz, 524 F.3d 501, 530 (4th Cir. 2008) (providing standard for judicial bias claim).

A district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006).

In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for unreasonableness, following generally the procedural and substantive considerations that we employ in our review of original sentences. Id. at 438. A supervised release revocation sentence is procedurally reasonable if the district court considered the Sentencing Guidelines' Chapter 7 advisory policy statements and the § 3553(a) factors it is permitted to consider in a supervised release revocation case. See 18 U.S.C. § 3583(e); Crudup, 461 F.3d at 439-40. A district court need not explain the reasons for imposing a revocation sentence in as much detail as when it imposes an original sentence, and a revocation sentence is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory

3

maximum.  Thompson, 595 F.3d at 547; Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will we then decide whether the sentence is plainly unreasonable.  Crudup, 461 F.3d at 439.

Lemmon alleges that his sentence is procedurally unreasonable because the district court improperly considered the § 3553(a) factors in sentencing him.  We note that, in explaining the sentence, the court specifically addressed Lemmon's mitigation argument regarding his children, discussed Lemmon's breach of the court's trust, the nature and circumstances of the violations, the history and characteristics of the defendant, and the need to protect the public. Accordingly, we find the district court did not plainly err in applying the § 3553(a) factors and adequately explained its decision to sentence Lemmon within the advisory policy statement range.  See Thompson, 595 F.3d at 547; USSG § 7B1.4(a), p.s.

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4